UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 08-cr-000281-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. ARMANDO RODRIGUEZ-MARTINEZ,

      Defendant.

_____

**ORDER**

_____

I.    <u>INTRODUCTION</u>

      THIS MATTER is before the Court on the Government's Motion to Reconsider

Suppression Order (docket # 32), filed February 27, 2009.  The motion asks that I

reconsider my ruling in the February 20, 2009 Order, which granted Defendant's motion

to suppress evidence and statements (docket #23).  More specifically, in the Order, I

granted Defendant's motion to suppress the statements Defendant provided to the

Immigration Customs Enforcement ("ICE") agents, the identity evidence of the

Defendant's fingerprints, and the Defendant's alien file ("A-file").  (Order of February 20,

2009 at 1.)  The Government now requests that I reconsider only the portion of my

Order that suppressed the Defendant's fingerprints and the A-file.

II.    <u>BACKGROUND</u>

      By way of background, after carefully reviewing the relevant pleadings, the

evidence presented at the December 8, 2008 evidentiary hearing, and the controlling

law, I concluded that "evidence of identity obtained after an illegal arrest may be suppressed under the exclusionary rule." (Order at 12.) In *United States v. Olivares-Rangel*, 458 F.3d 1104 (10th Cir. 2006), the Tenth Circuit held that "if an illegal arrest was purposefully exploited for the objective of obtaining fingerprints, then the fingerprint evidence must be suppressed." *Id.* at 1115. The *Olivares-Rangel* Court distinguished between "fingerprints that are obtained as a result of an unconstitutional governmental investigation and fingerprint evidence that is instead obtained merely as part of the routine booking procedure." *Id.* at 1113.

Guided by *Olivares-Rangel*, 458 F.3d at 1104 and *United States v. Guevara-Martinez*, 262 F.3d 751 (8th Cir. 2001), I set forth a detailed analysis in my Order explaining my conclusion that Defendant's fingerprints were taken after his illegal arrest and after the INS had interviewed the Defendant at his residence. I found that an INS related purpose motivated the fingerprinting, and as such, the exclusionary rule should apply. Additionally, I found that Defendant's fingerprints were obtained by exploitation of his unlawful detention. Based on the evidence presented, I concluded that law enforcement officials obtained Defendant's fingerprints as a consequence of his illegal arrest in order to pursue a criminal immigration law violation. (Order at 12-16.) Thus, I found that the fingerprint evidence should be suppressed.

III.   ANALYSIS

In the pending motion, the Government argues that the Defendant's fingerprints and A-file should not be suppressed because Defendant's arrest was not for the sole purpose of obtaining fingerprints. Instead, the Defendant's fingerprints were seized as part of the ICE agents' standard booking procedure. In support of its argument, the

-2-

Government cites to several cases outside of this circuit including *United States v. Farias-Gonzalez*, 556 F.3d 1181 (11th Cir. 2009) (holding that identity-related evidence is not suppressible when offered in a criminal prosecution only to prove who the defendant is).  The Government goes on to argue that I applied Tenth Circuit law too narrowly to the case at hand and, in turn, used the exclusionary rule too broadly.

I conclude that the Government's motion for reconsideration must be denied. First, I find that all of the arguments could and should have been raised in connection with the underlying motion.  Accordingly, the motion for reconsideration is properly denied on that basis.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (a motion for reconsideration is an "inappropriate vehicle[]to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion"); *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Productions Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) ("the motion to reconsider 'is not at the disposal of parties who want to 'rehash' old arguments' . . . . Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision' . . . . 'A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence'") (quotations omitted), *aff'd*, 16 Fed. Appx. 959 (2001).

Second, even if I consider the merits of the motion, I find that the Government has not stated a basis for reconsideration of my prior Order.  I disagree with the Government that I misconstrued Supreme Court or Tenth Circuit authority.  The Government's cited authority is from outside this circuit and is contrary to Tenth Circuit

case law.  The Eleventh Circuit's holding in *Farias-Gonzalez* that "identity-related evidence is not suppressible when offered in a criminal prosecution only to prove who the defendant is" directly contradicts the Tenth Circuit's holding in *Olivares-Rangel*. *Farias-Gonzalez,* 556 F.3d at 1182.  In *Olivares-Rangel*, the Tenth Circuit set forth an exhaustive analysis as to whether evidence of a defendant's identity (including fingerprints and an A-file) may ever be suppressed as the "fruit" of an unlawful arrest. After reviewing the Fourth Amendment and various Supreme Court opinions including *INS v. Lopez-Mendoza*, 468 U.S. 1032 (1984), *Davis v. Mississippi*, 394 U.S. 721 (1969), and *Hayes v. Florida*, 470 U.S. 811 (1985), the Tenth Circuit held that "if an illegal arrest was purposefully exploited for the objective of obtaining fingerprints, then the fingerprint evidence must be suppressed."  *Olivares v. Rangel*, 458 F.3d at 1115.

In my Order, I thoroughly examined and analyzed the relevant findings of fact, and given the Tenth Circuit authority squarely on point, I found that the fingerprint evidence and the A-file should be suppressed.  I found ample evidence that the Defendant's fingerprints were not taken as part of a routine booking procedure.  Instead, I found that an INS related purpose motivated the fingerprinting, and the fingerprints were obtained as a result of an unconstitutional search, seizure and custodial interrogation.  To accept the Government's argument would require me to ignore applicable and controlling precedent and apply law from another circuit.  Moreover, the Government failed to clearly demonstrate a manifest error of law or fact or present any newly discovered evidence.  Instead, the Government merely rehashes an argument previously considered by the Court and offers non-controlling authority for support. Accordingly, the motion to reconsider is denied.

IV.    CONCLUSION

Based on the foregoing, it is

ORDERED that Government's Motion to Reconsider Suppression Order (docket

# 32), is **DENIED**.  It is

FURTHER ORDERED that in light of my ruling, the hearing set for Tuesday,

September 1, 2009 at 10:00 a.m. is **VACATED.**

Dated:  July 30, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge